UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARJUNA C. FERNANDO,<br>    Plaintiff,<br>  v.<br>MANU SAREEN, et al.,<br>    Defendants. | Case No. 3:15-cv-03039-JD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. No. 12 |

Plaintiff Arjuna Fernando ("Fernando"), an American citizen living abroad and proceeding pro se, has sued multiple Danish civil servants and government officials for allegedly interfering with his visitation rights for his eight-year-old daughter and inflicting mental and emotional pain and suffering on her. Dkt. No. 1 ¶¶ 16-26, 116-73. Defendants move to dismiss on several grounds. Dkt. No. 12. The Court finds that it lacks personal jurisdiction over all of the defendants, who are overseas individuals with no ties to this district, and dismisses the complaint with prejudice.

**BACKGROUND**

As alleged in the complaint, Fernando has been fighting with Danish child welfare authorities since 2010 over the treatment of his daughter and a custody arrangement with her mother. Dkt. No. 1 at ¶¶ 37-114. He filed this case on June 30, 2015 and seeks injunctive and monetary relief against defendants, who are all Danish. *Id.* ¶¶ 16-26. Defendants move to dismiss for collateral estoppel, failure to state a claim, improper service, and lack of subject matter and personal jurisdiction. Dkt. No. 12 at 2.

This is not the first action Fernando has filed in the United States over his dispute with the Danish child welfare authorities. In 2012 and 2013, Fernando filed two similar actions in the

Eastern and Southern Districts of New York. *See* Dkt. No. 13 Ex. 1 (*Fernando v. Haekkerup*, No. 12-civ-7126, Order of Dismissal (S.D.N.Y. Nov. 7, 2012)); *id.* Ex. 3 (*Fernando v. Haekkerup*, No. 13-civ-3176, Mem. & Order (E.D.N.Y. Sep. 23, 2013)). Both courts dismissed the cases for lack of subject matter jurisdiction, and the Second Circuit affirmed the second dismissal by the Eastern District of New York. *Fernando v. Haekkerup*, 596 F. App'x 40 (2d Cir. 2015).

In this case, Fernando names a different set of Danish officials from his previous two suits and modifies his legal theory, but the jurisdictional deficiencies are equally grave here. While the Court has serious doubts about subject matter jurisdiction, the Court dismisses the case for the total lack of personal jurisdiction over the foreign defendants. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999) (holding that "there is no unyielding jurisdictional hierarchy" and that a district court may "appropriately accord[] priority to a personal jurisdiction inquiry.").

## DISCUSSION

When defendants move to dismiss a complaint for lack of personal jurisdiction, "the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citation omitted). Where, as here, the motion is based on written materials "the plaintiff need only make a prima facie showing of jurisdictional facts." *Id.* (citation omitted). Even accepting all of Fernando's allegations as true, the Court finds that Fernando has failed to make a prima facie showing that the non-resident defendants had at least "minimum contacts" with California necessary to ensure that the Court's exercise of personal jurisdiction "does not offend traditional notions of fair play and substantial justice." *Id.* at 801 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Because no federal statute governs personal jurisdiction, the Court applies California's long-arm statute, which is co-extensive with federal due process requirements. *Id.* at 800-801 (citing Cal. Civ. P. Code § 410.10). Consistent with federal due process, there are two kinds of personal jurisdiction -- general and specific -- that a court may exercise over a non-resident defendant. *Martinez v. AeroCaribbean*, 764 F.3d 1064, 1066 (9th Cir. 2014). Fernando has not shown either.

The insurmountable hurdle to personal jurisdiction here is that all of the defendants live and work in Europe. None of them have any residential, business or other ties to California. The only link to this district that Fernando offers is the claim that defendants maintain "digital persona on Facebook, LinkedIn, Tweeter [sic], Microsoft, and Apple" which "use computer servers that are physically located in the United States" and are largely headquartered in the Bay Area. Dkt. No. 26 at 16-17.

This digital connection is miles away from being enough to establish personal jurisdiction. General jurisdiction is an exacting standard that requires showing of "continuous and systematic" contacts with the forum state that "approximate physical presence." *Schwarzenegger*, 374 F.3d at 801. In *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1225 (9th Cir. 2011), the Ninth Circuit found that maintaining an interactive website that allowed third parties to advertise jobs, vacations, and events in California was insufficient to meet this exacting standard. Defendants' purported "digital persona" fall far short of the requisite showing for general jurisdiction.

Fernando also fails to establish specific jurisdiction. Our Circuit uses a three-prong test to determine whether a court may exercise specific jurisdiction: (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. *Schwarzenegger*, 374 F.3d at 802; *see also Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) ("The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation.") (internal quotation marks and citations omitted). All three requirements are absent here. Fernando does not contend that the defendants engaged in any California-related activities. Dkt. No. 1 ¶¶ 17-26, 65-114. Nor does he dispute that his claims are based on events that transpired entirely in Denmark. Consequently, the Court finds that it cannot exercise specific jurisdiction over the Danish defendants.

1     A pro se litigant like Fernando may enjoy a little extra leeway in pleading his claims, and
2  the Court is mindful that leave to amend is ordinarily afforded after an initial motion to dismiss.
3  But these general considerations are not applicable here.  The foreign nature and character of the
4  named defendants cannot be altered in any meaningful way through new allegations.
5  Consequently, the Court finds that the lack of personal jurisdiction cannot be cured by an
6  amendment, and denies Fernando leave to amend.  *Norris v. Okla. City Univ.*, Case No. 93-cv-
7  1626, 1993 WL 313122 at *4 (N.D. Cal. 1993), *aff'd by* 21 F.3d 1115 (9th Cir. 1994) (dismissing
8  the pro se plaintiff's action for lack of personal jurisdiction without leave to amend).

9     This case is Fernando's third unsuccessful effort to persuade a United States District Court
10 to intervene in his Danish family law issues.  The Court hopes that Fernando will now accept the
11 reality that his claims, with all of their multiple variations to date, are not properly within the
12 jurisdiction of the federal courts.  For the sake of completeness, and with the hope that plaintiff
13 will not try to bring yet another ill-advised lawsuit on these issues in the federal judicial system,
14 the Court briefly addresses Fernando's other meritless jurisdictional arguments.

15     As an initial matter, Fernando is collaterally estopped by the Eastern District of New
16 York's decision from asserting the United Nations Convention on the Rights of the Child
17 ("CRC"), the International Covenant on Civil and Political Rights ("ICCPR"), and the passive
18 personality principle as bases for federal question jurisdiction.  Dkt. No. 13 Ex. 3; *see Hohu v.*
19 *Hatch*, 940 F. Supp. 2d 1161, 1169 (N.D. Cal. 2013) (dismissing for lack of subject matter
20 jurisdiction under the doctrine of collateral estoppel because the issue of federal subject matter
21 jurisdiction was already litigated and determined by a valid and final judgment).  In this case,
22 Fernando adds the Vienna Convention on Consular Relations as a ground for federal question
23 jurisdiction. Dkt. No. 1 ¶ 8.  However, like ICCPR, the Vienna Convention is not a self-executing
24 treaty and in the absence of implementing legislations, it cannot give rise to a privately
25 enforceable claim.  *Medellin v. Texas*, 552 U.S. 491, 505-6 (finding that the Vienna Convention is
26 not self-executing).

27     Fernando's diversity jurisdiction argument is equally unpersuasive.  Fernando cites *Kanter*
28 *v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) to argue that, for the purposes of

4

diversity jurisdiction, the natural person's state citizenship is determined by his state of domicile, not his state of residence.  However, a person's domicile is his "permanent home, where []he resides with the intention to remain or to which []he intends to return," *Id.*, and Fernando fails to assert any facts that show he intends to return to California.  In fact, Fernando admits that he "is not interested in taking [his daughter] away from [her mother in Denmark]," Dkt. No. 26 at 18, and in light of this representation, his assertion that he is residing in Denmark only temporarily to be close to his daughter is implausible, *id.* at 9.  However, even accepting as true Fernando's representation that he is residing in Denmark only temporarily, he has not alleged the requisite $75,000 amount in controversy.

The case is dismissed with prejudice and judgment will be entered in favor of defendants.

**IT IS SO ORDERED.**

Dated: February 12, 2016

_____
JAMES DONATO
United States District Judge